UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LINDA MIRAGLIA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-24-CV-00092-DCG** |
| **WALMART INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand (ECF No. 8).  Defendant opposes the Motion.  Resp. Mot. Remand, ECF No. 10.  Having considered the parties' arguments and applicable legal authorities, the Court **GRANTS** Plaintiff's Motion to Remand.

### I.    Background

This is a tort lawsuit arising from Plaintiff's alleged slip-and-fall accident at one of Defendant's stores.  *See* Pl.'s Original Pet., ECF No. 1-2, at 2.  Plaintiff initiated this action against Defendant on February 20, 2024, in the 210th District Court in El Paso County, Texas.  *See id.* at 1.  Plaintiff claims that she suffered physical injuries from this incident and thus seeks to recover damages from Defendant under various state law theories.  *See id.* at 3.  Invoking the federal courts' diversity jurisdiction, Defendant removed the case to this Court on March 22, 2024.  *See* Notice Removal, ECF No. 1.

### II.    Legal Standard

Generally, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Section 1332(a), the diversity jurisdiction statute, grants the federal district courts

"original jurisdiction of all civil actions" in which the amount in controversy exceeds $75,000 and the parties are citizens of different states.  28 U.S.C. § 1332(a).  Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.  *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).  The removing party bears the burden of showing that removal is proper. *Id.*  Significantly, the jurisdictional facts must be judged as of the time the state court petition is filed.  *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (citation omitted).

### III.    Analysis

As noted above, Defendant bears the burden of establishing this Court's jurisdiction.  *See Vantage Drilling Co.*, 741 F.3d at 537.  To satisfy its burden, Defendant must show (1) complete diversity of citizenship and (2) the amount in controversy exceeds $75,000.  The first prong is not in dispute.  In the Motion to Remand, Plaintiff challenges only the amount in controversy requirement.  Pl.'s Mot. Remand, ECF No. 8.

For the amount in controversy requirement, the "general rule" is that "the sum demanded in good faith in the initial pleading is the amount in controversy."  *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (cleaned up).  Thus, "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  On the other hand, "[i]f the petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Id.* at 314 (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).  The defendant can prove such in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000,

or (2) by setting forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Generally, whenever a plaintiff files a suit for monetary relief in Texas state court, the plaintiff must specify in her pleadings that the damages claim falls within one of the monetary ranges set forth in Texas Rule of Civil Procedure 47(c). *See Gates v. Allstate Tex. Lloyd's*, 267 F. Supp. 3d 861, 866 (W.D. Tex. 2016) ("The plain language of [Rule 47(c)] requires that Texas state court plaintiffs provide a statement detailing the range of damages that they seek."). Texas Rule of Civil Procedure 47 provides in relevant part:

> An original pleading . . . shall contain:
>
> (a) a short statement of the cause of action sufficient to give fair notice of the claim involved;
>
> (b) a statement that the damages sought are within the jurisdictional limits of the court;
>
> (c) except in suits governed by the Family Code, a statement that the party seeks:
>
> > (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;
> >
> > (2) monetary relief of $250,000 or less and non-monetary relief;
> >
> > (3) monetary relief over $250,000 but not more than $1,000,000;
> >
> > (4) monetary relief over $1,000,000; or
> >
> > (5) only non-monetary relief

In Plaintiff's state court petition, she states that she "seeks monetary relief of no more than $250,000" in this case. Pl.'s Original Pet., ECF No. 1-2, at 1. She further states "that the amount in controversy in this matter does not exceed $75,000." *Id.* at 1. Plaintiff also claims that she is

entitled to monetary damages for past and future medical expenses, pain and suffering, physical impairment and disfigurement, and loss of earnings.  *Id.* at 2.  Her petition, however, contains no allegations detailing how the fall impaired or disfigured her, what kinds of medical expenses she incurred, or how her injuries have reduced her earning capacity.  *See id.* at 3.

Defendant asserts that removal is warranted, arguing that Plaintiff's statement—that the amount in controversy does not exceed $75,000—violates Texas Rule of Civil Procedure 47, which according to Defendant constitutes bad faith.  Def.'s Resp., ECF No. 10, at 3–4. Defendant's position is that pleading such a statement contravenes Rule 47 and is an attempt to circumvent federal diversity jurisdiction.  *Id.*  Defendant therefore requests the Court to ignore this statement.  *Id.*  Defendant further argues that it is facially apparent from Plaintiff's state court petition that the amount in controversy exceeds $75,000.  *Id.* at 4–8.

Here, because Plaintiff's state court petition is not silent and clearly states that the amount in controversy does not exceed $75,000, Defendant will need to show that this assertion was not made in good faith.  Attempting to do so, Defendant claims that Texas Rule of Civil Procedure 47 prohibits Plaintiff from pleading a statement limiting damages.  Resp. Mot. Remand, ECF No. 10, at 4.  Defendant's assertion, however, is incorrect.  *Durbois* is instructive.  There, in rejecting the same argument that Defendant makes here, the Fifth Circuit clarified that "nothing in the plain text of [Rule 47] prevents a plaintiff from demanding damages up to but no higher than a stated amount."  *Durbois*, 37 F.4th at 1059.  The Fifth Circuit further explained that finding bad faith solely on the basis that a plaintiff pleaded such a statement would "contradict the well-established principle that the plaintiff is the master of his complaint."  *Id.* at 1060 (cleaned up).  Thus, Plaintiff's statement limiting damages cannot support a finding of bad faith.

The Court acknowledges that in *Durbois*, the statement limiting damages was binding on the plaintiff. *Id.* at 1060. Plaintiff here did not file a binding stipulation expressly limiting her potential recovery to an amount below $75,000. *See* Pl.'s Original Pet., ECF No. 1-2. In fact, Plaintiff's state court petition "expressly reserves the right to amend [the monetary relief sought] if necessary." *Id.* at 1. This fact, however, does not alter the Court's analysis. Under the Fifth Circuit's framework, regardless of whether Plaintiff's statement limiting damages is binding, the general rule is that "the sum demanded in good faith in the initial pleading" is "the amount in controversy." *Durbois*, 37 F.4th at 1056 (citing 28 U.S.C. § 1446(c)(2)). In *Durbois*, after the Court determined that the defendant did not establish the amount in controversy by a preponderance, it further explained that "even if [defendant's] evidence did support its asserted amount, the district court still lacked jurisdiction," because the plaintiff's stipulation was binding. *Id.* at 1060. This indicates that a binding stipulation is conclusive for amount in controversy requirements. *See id.* at 1061; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."). The Court did not, however, indicate that the statement limiting damages in the initial pleading must be binding for the general rule— that the sum demanded in good faith in the initial pleading is the amount in controversy—to apply.

Moreover, Defendant fails to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant has not set forth "summary judgment type evidence" of facts in controversy that support a finding that the amount in controversy here exceeds $75,000. Nor is it apparent from the face of Plaintiff's state court petition that the claims are likely to exceed $75,000. In an effort to meet its burden, Defendant points to Plaintiff's characterization of her

injuries as "serious and permanent," and argues that this implies that the damages exceed the $75,000 threshold.  Resp. Mot. Remand, ECF No. 10, at 2, 6 ("The allegation of $250,000.00 monetary relief combined with a claim of 'serious and permanent injuries,' alone is sufficient to meet the minimum jurisdictional amount for federal court jurisdiction.").[1]  The Court does not agree.  Plaintiff describing her injuries as "serious" provides little guidance in determining the amount of controversy in this case.  Defendant cannot meet its burden merely by pointing to such standard adjectives in a pleading.

Defendant next directs the Court to the fact that Plaintiff claims damages for past and future medical expenses, pain and suffering, physical impairment and disfigurement, and loss of earnings.  Notice Removal, ECF No. 1, at 4; Resp. Mot. Remand, ECF No. 10, at 5–6.  At the same time, however, Defendant acknowledges that Plaintiff's petition is silent as to the specific injuries sustained and lacks specific allegations regarding Plaintiff's earning capacities and how the injuries have affected such.  *See* Resp. Mot. Remand, ECF No. 10, at 6 ("Other than a generalized pleading with no amount or duration specified for "lost wages and loss of wage-earning capacity," there is no specific allegation to indicate employability or unemployability of the Plaintiff."); *see id.* at 5 ("Plaintiff's Petition is entirely silent as to the specific injuries sustained, the body parts injured, and the impairment suffered.").  Plaintiff's petition provides no information on the monetary value of her claims, such as details regarding the alleged injuries, or the type, extent, and cost of medical treatment incurred.  In *Simon v. Wal-Mart Stores, Inc.*, the Fifth Court concluded that "it was not 'facially apparent' that the amount of damages would exceed $75,000" when a complaint "alleged, with little specificity, damages from . . . an injured shoulder, bruises, and

---

[1] The Court reiterates that Plaintiff did not seek monetary relief of $250,000 in her initial pleading.  Rather, to comply with Texas Rule of Civil Procedure 47(c), she stated that she "seeks monetary relief of no more than $250,000" in this case.  Pl.'s Original Pet., ECF No. 1-2, at 1.

abrasions . . . and unidentified medical expenses." 193 F.3d 848, 850–51 (5th Cir. 1999). Based

on the vague allegations and the absence of any specific information regarding the actual damages

suffered, the amount in controversy is not apparent from the face of Plaintiff's petition.[2]

### IV.    Conclusion

Accordingly, "Plaintiff's Motion for Remand" (ECF No. 8) is **GRANTED.**

**IT IS THEREFORE ORDERED** that the above-captioned case is **REMANDED** to the

210th District Court in El Paso County, Texas.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this matter.

**So ORDERED and SIGNED this 3rd day of June 2025.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[2] Courts routinely conclude that the amount in controversy is not facially apparent when the petition contains vague and general allegations. *See Tucker v. Cincinnati Ins. Co.*, No. 17-414, 2017 WL 5762436, at *3 (M.D. La. Aug. 24, 2017) ("The Petition provides no specific information regarding the injuries and damages incurred by Plaintiff as a result of the accident. In the absence of any specific details in the Petition regarding the alleged injuries and damages incurred by Plaintiff, the Court concludes that the amount in controversy is not facially apparent."); *see also Hitchens v. Bunch*, No. CV 21-1410, 2021 WL 5822639, at *3 (E.D. La. Dec. 8, 2021) ("[S]imilar to the vague description of her injuries, Plaintiff's general requests for damages fail to make the requisite amount in controversy facially apparent.").